United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

No. CR 08-0083 PJH

    v.

**ORDER**

ANGELICA MARIA RODRIGUEZ,

    Defendants.

_____/

This matter came before the court for a hearing on numerous issues related to Rodriguez's proffered duress and diminished capacity defenses on March 16, 2011. At the hearing, the court ruled on several issues as stated on the record and summarized below.

**1.    Scope of Rodriguez's Expert, Linda Barnard's Testimony**

The court reaffirmed its January 5, 2011 ruling that Rodriguez may present a duress defense based on Battered Woman's Syndrome ("BWS"). *See United States v. Johnson*, 956 F.2d 894, 898-901 (9th Cir. 1992); *United States v. Homick*, 964 F.2d 899, 905-906 (9th Cir. 1992). In accordance with its prior ruling, the court will permit Barnard to testify regarding (1) a description of BWS; (2) the characteristics present in a person suffering from BWS; and (3) the effect of BWS on a reasonable person suffering from it. However, the court will not permit testimony regarding Barnard's opinion whether Rodriguez's

criminal acts were caused by BWS, as that question will remain purely one for the jury to decide.

Additionally, regarding the issues on which the court ordered supplemental briefing, the court first ruled that Barnard will be permitted to testify that Rodriguez fits the profile of someone who suffers from BWS. Second, the court ruled that regarding the factual matters underlying Barnard's opinion, Barnard will be able to testify under Federal Rule of Evidence 803(4) as to *Rodriguez's* "[s]tatements [to Barnard] made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." This includes those statements made by Rodriguez that a "medical expert would rely upon in rendering an opinion." 2 McCormick on Evidence § 278 (6th ed. 2009); 4 Mueller & Kirkpatrick, Federal Evidence § 442.

However, Barnard will **not** be permitted to testify as to statements made by third parties. To the extent that third parties reported information to Barnard, such statements are not admissible under Rule 803(4) since they were not made by the patient, nor are they admissible for substantive purposes under Rule 703. *See* Mueller & Kirkpatrick, 4 Federal Evidence § 8:75 (3d ed. 2010) (noting that "[t]he expert testimony provisions [under FRE 702 and 703] do *not* authorize [the] use of hearsay for substantive purposes, and it follows that those provisions do not authorize experts to act as conduits for hearsay, simply reporting to the trier of fact what outsiders have said").

The court also DENIED Rodriguez's motion to reconsider its January 5, 2011 ruling that she will not be permitted to introduce evidence, via her expert or otherwise, regarding abuse she suffered at the hands of people other than her husband and codefendant, Paul Kozina. *See Johnson*, 956 F.2d at 898.

Finally, the court clarified that any BWS evidence pertinent to Rodriguez's duress defense, including Barnard's testimony, is admissible only with respect to the limited issue of the second element of a duress defense: whether Rodriguez possessed "a

well-grounded fear that the [immediate] threat [of death or serious bodily injury] will be carried out." *United States v. Contento-Pachon*, 723 F.2d 691, 693 (9th Cir. 1984); *United States v. Shapiro*, 669 F.2d 593, 596 (9th Cir. 1982). The BWS evidence, including Barnard's testimony, is **not** admissible regarding the first and third elements, which require "(1) an immediate threat of death or serious bodily injury; . . . and (3) no reasonable opportunity to escape the threatened harm." *Id.*

In accordance with these limits, the court ordered Rodriguez's counsel to provide the court **no later than Wednesday March 23, 2011** with (1) Barnard's final expert report; (2) a list of specific opinions and statements that Barnard will proffer in accordance with the above limitations; and (3) a list of the facts that Barnard relies on in support of the opinions and statements in category (2). Rodriguez is also required to provide government counsel with Barnard's final expert report and the list of specific opinions and statements that Barnard will proffer in accordance with the above limitations **no later than Wednesday March 23, 2011**. The court will review in camera the list of the facts that Barnard relies on in support of her opinions and statements; however, as noted on the record, all of those facts must be included in Barnard's final report and therefore available to the government in the final report.

**2.  Rodriguez's Notice of Intent to Introduce Federal Rule of Criminal Procedure 12.2(b) Testimony**

At the hearing, Rodriguez clarified that she seeks to introduce a diminished capacity defense based on the expert testimony of Dr. Barnard and Dr. Shelley Peery. She seeks to introduce testimony from Drs. Barnard and Peery that she possesses certain neuropsychological conditions and cognitive deficits that prevented her from forming the mens rea for those charges requiring a specific intent. As indicated on the record, the court defers ruling on Rodriguez's ability to introduce evidence regarding both the duress and diminished capacity defenses.

Rodriguez confirmed that Dr. Peery's letter and report, located at Exhibit A to her February 24, 2011 motion for reconsideration, constitutes Peery's final expert report. As

set forth above, Rodriguez is ordered to provide both the court and the government with a copy of Dr. Barnard's final report **no later than Wednesday March 23, 2011**.

In conjunction with Rodriguez's Rule 12.2(b) notice, the court GRANTS the government's request to conduct its own examination of Rodriguez pursuant to Rule 12.2(c)(1)(B). To the extent an order for examination is required, the government should submit one to the court as soon as possible. The parties are ORDERED to meet and confer as to the manner of the examination, and if any issues regarding the manner of the examination arise, the parties are ORDERED to submit briefs regarding the disputed issues **no later than Wednesday March 23, 2011.**

The government's rebuttal expert report must be submitted to the court and provided to the defendant within one week of the defendant's examination.

The court will determine whether Rodriguez will be permitted to introduce evidence in support of a diminished capacity defense following submission of all of the final expert reports.

**IT IS SO ORDERED.**

Dated: March 17, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge

4