UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANGELICA MARIA RODRIGUEZ,

    Defendants.

_____/

No. CR 08-0083 PJH

**ORDER**

On March 21, 2011, Rodriguez filed a request for clarification of the court's March 17, 2011 order. In that order, the court memorialized the rulings it made on the record at a March 16, 2011 hearing. The court ordered

> Rodriguez's counsel to provide the court **no later than Wednesday March 23, 2011** with (1) Barnard's final expert report; (2) a list of specific opinions and statements that Barnard will proffer in accordance with the above limitations; and (3) a list of the facts that Barnard relies on in support of the opinions and statements in category (2). Rodriguez is also required to provide government counsel with Barnard's final expert report and the list of specific opinions and statements that Barnard will proffer in accordance with the above limitations **no later than Wednesday March 23, 2011**. The court will review in camera the list of the facts that Barnard relies on in support of her opinions and statements; however, as noted on the record, all of those facts must be included in Barnard's final report and therefore available to the government in the final report.

In her request for clarification, Rodriguez notes that she believes the above directions are inconsistent. The court does not view the directions as inconsistent, and thus offers the following clarification.

As discussed on the record at the hearing, Barnard will not be permitted to testify to facts that are not in her final expert report, which is to be disclosed to both the court and the government today. The court noted at the hearing, though, that to the extent the final expert report Rodriguez submits resembles Barnard's declarations and reports that she has already submitted to the court, it will likely contain extraneous information and facts that exceed the limitations the court has set on Barnard's testimony. Accordingly, the court ordered Rodriguez to make two separate filings in addition to the final expert report.

The first shall be a document setting forth those opinions of Barnard offered to support Barnard's expected testimony that Rodriguez satisfies the second element of a duress defense, e.g., that she possessed "a well-grounded fear that the [immediate] threat [of death or serious bodily injury] will be carried out." *United States v. Contento-Pachon*, 723 F.2d 691, 693 (9th Cir. 1984); *United States v. Shapiro*, 669 F.2d 593, 596 (9th Cir. 1982). This document must be submitted for both the court and the government's review. The second document shall specifically highlight the facts contained in the expert report that Barnard relied on in forming her opinions. The purpose of this submission is to enable the court to make a preliminary determination whether her testimony as to these facts is admissible under FRE 803(4) and whether the facts relied on properly support the second element of a duress defense. This second document shall be submitted for the court's in camera review so as to protect Rodriquez's trial strategy. However, at some point before the testimony is actually admitted, the government will be given an opportunity to challenge its admissibility. The process for making a final determination as to the scope of Barnard's testimony will be determined after the court has an opportunity to review a final report and the proffered evidence.

**IT IS SO ORDERED.**

Dated: March 22, 2011

PHYLLIS J. HAMILTON
United States District Judge